IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JEFF BURKE,                          )
                                     )
            Plaintiff,               )
vs.                                  )      Case Number CIV-14-776-C
                                     )
OKLAHOMA CITY POLICE                 )
DEPARTMENT, et al.,                  )
                                     )
            Defendants.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action against various governmental agencies and individuals asserting claims for violation of his constitutional and civil rights. By Order dated October 27, 2014, the Court granted Defendant City of Edmond's Motion to Dismiss, finding that Plaintiff had failed to state a claim for relief against that Defendant. In reaching this conclusion, the Court noted that Plaintiff's Complaint was exceedingly broad and failed to offer any specific facts demonstrating wrong by Defendant City of Edmond. Additionally, the Court noted that Plaintiff's Complaint contained allegations of harm only against individual officers and raised no facts from which a claim against the municipality could be stated. The Court dismissed the action without prejudice and granted Plaintiff 20 days to file an amended complaint.

On November 14, Plaintiff filed a Motion to Amend his Complaint. The Court construed that document as an Amended Complaint. Defendants Department of Environmental Quality ("DEQ") and City of Edmond filed Motions to Dismiss. The Court granted those Motions finding some of Plaintiff's claims time barred and that he had failed

to plead facts demonstrating a claim for relief as to the remainder. The Court again granted Plaintiff leave to amend. Plaintiff has now filed a Motion to File Amended Complaint. Defendant City of Edmond has responded, objecting to Plaintiff's request.

Plaintiff's proposed Amended Complaint suffers from the same defects as the previous Complaint. First, Plaintiff again attempts to hold Defendant City of Edmond responsible for the actions of its employees. As explained in the prior Order, these claims fail, as a *respondeat superior* claim is impermissible under § 1983. Estate of Booker v. Gomez, 745 F.3d 405, 435 (10th Cir. 2014) ("Section 1983, however, 'does not authorize liability under a theory of respondeat superior.'") (citation omitted).

Second, Plaintiff has failed to plead any facts from which Defendant City of Edmond could be held responsible based on a failure to train or a policy or custom. While Plaintiff makes some broad-brush conclusions that touch on these topics, neither his Amended Complaint nor his Response offers any factual basis to support his claim. In short, Plaintiff's Amended Complaint offers nothing other than bare, unsupported conclusions, and in order to find any possible misconduct, the Court would be required to engage in significant speculation. Thus, the Complaint fails to state a claim for relief. Asford v. Iqbal, 556 U.S. 662, 679 (2009).

For these reasons, Plaintiff's Motion to File Amended Complaint (Dkt. No. 18) is DENIED. Defendant City of Edmond's Motion to Dismiss Amended Complaint (Dkt. No. 19) is treated as an Objection and GRANTED. As Plaintiff has now had three opportunities to amend the defects in his Complaint, the Court finds any further attempt at amendment

would be futile.  Therefore, no further amendments will be permitted or considered. Accordingly, Judgment will enter in favor of Defendants City of Edmond and Department of Environmental Quality.

IT IS SO ORDERED this 7th day of April, 2015.


ROBIN J. CAUTHRON
United States District Judge